### In re BYRNES.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

APPEAL—PRACTICE—RECORD.

　　On appeal in a proceeding to cancel certain taxes for failure of the assessors to take the statutory oath to the assessment roll, the only question involved was whether the legislature could, by a subsequent act, make such taxes valid, and the point was fully presented by the record on which the appeal was heard. *Held*, that appellant should not be required to print, as part of the appeal papers, the evidence in a suit between the same parties, taken for use in both proceedings, but presenting no facts not in the appeal papers. PRATT, J., dissenting.

Appeal from special term, Queens county.

Application by William T. Byrnes to cancel certain taxes for omission of the assessors to verify the assessment rolls, as required by statute. The defendant, Long Island City, relied on a subsequent act of the legislature passed to cure the defect. From an order granting the application, defendant appealed. After the appeal was submitted at the general term, but before it was decided, the petitioner moved at special term for an order that defendant print, as part of the papers on appeal, certain testimony entitled in an action by him against said defendant, taken for use in both proceedings, and exhibits admitted in evidence therewith. From an order granting this motion, the defendant, Long Island City, appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* (*George W. Stephens,* of counsel,) for appellant. *Frank E. Blackwell,* for respondent.

BARNARD, P. J. The testimony and proceedings in the action of William T. Byrnes against Long Island City were not necessary upon this appeal. The question, however, is whether the legislature can validate a tax regularly imposed, except that the assessor did not make the statute oath to the assessment roll. The record was made up without this evidence, and the appellant was regular in his appeal. The case has been decided. The point is fully presented by the record upon which the appeal was decided, and evidence by which it was established is wholly needless. Can the legislature validate an invalid tax? That is the sole question, and every fact is presented by the appeal papers upon which it rests. Order reversed, with costs and disbursements, and motion denied, with costs.

DYKMAN, J., concurs.

PRATT, J. This is an appeal from an order made at Kings special term, July 10, 1890, requiring the appellant, Long Island City, to print certain documents and evidence as a part of the appeal papers for a hearing of an appeal at the general term. The above-entitled matter is a specific proceed-

ing by Byrnes to obtain the cancellation of certain taxes heard and decided by Mr. Justice CULLEN. At the May general term, 1890, a motion was argued to strike this matter from the calendar because the appeal papers were not certified by the clerk, and because they did not present all the matter before the learned trial judge. An order was made by the general term, May 12, 1890, that the case retain its place on the calendar, and that the appellant print and serve the proper papers within 10 days, and that the proceedings be submitted on printed briefs within 20 days. Afterwards, the respondent applied to the presiding justice to resettle the order because, as he alleged, it had been settled under a misapprehension of the matter to be printed. The case was then considered by the general term, and it decided to reverse the original final order appealed from. While the matter was under consideration by the general term, respondent applied to Mr. Justice CULLEN at special term, in June, 1890, to require appellant to print the proper papers on which he had acted; and an order was then made by the special term, July 10th, from which the present appeal was taken. It required the printing of certain papers, etc., upon which the appeal should be heard. It does not appear that any order was entered on the decision of the general term. Respondent, after the appeal from the order of the special term of July 10, 1890, was taken, and on August 29, 1890, noticed his motion in the September general term, 1890, to resettle the general term order of May 12, 1890, so as to require the printing of the papers indicated by the special term order of the learned judge who conducted the trial. We see no difficulty in doing justice in the matter. The decision of the general term was made under a misapprehension of the fact about the papers on which it ought to have acted. Mr. Justice CULLEN's order of July 10, 1890, clearly shows what papers and matters were before him when he decided the cause, and we ought to have had the same papers and matters before us when we decided the appeal; hence, our decision ought not then to have been rendered. We are now apprised, by Judge CULLEN's order of July 10th, of the matters which should have been before us. We therefore sustain that order, and grant the application to resettle the general term order of May 12, 1890, as proposed by respondent; and direct that the original appeal shall be submitted as of the December general term, 1890. The costs and disbursements of the appeal from Mr. Justice CULLEN's order of July 10th, and of this motion to resettle the general term order, are adjudged against the appellant.